MARTHA M. LANG v. MICHELLE MONGER AND ELMER EUGENE MONGER

No. 7312DC22

(Filed 28 March 1973)

Evidence §§ 47, 50— expert medical testimony — opinion not based on personal knowledge or hypothetical question — admission improper

The trial court in a personal injury action committed reversible error in allowing plaintiff's expert medical witness to state to the jury as a fact that in the accident in suit plaintiff had sustained a measure of lasting disability where such opinion was not founded on facts within the witness's personal knowledge nor was it the result of a hypothetical question based on facts in evidence as to the accident and injury.

APPEAL by defendants from Herring, District Judge, 26 June 1972 Civil Session of CUMBERLAND County District Court.

Plaintiff filed complaint to recover for personal injury and monetary loss arising out of an automobile collision occurring when defendants' automobile ran into the back of plaintiff's automobile on 25 August 1969. The defendants admitted that Michelle Monger was negligent in the operation of her vehicle, and that her negligence was the proximate cause of the collision. The only issue involved at trial concerned the amount of damages to which plaintiff was entitled, which issue the jury answered in favor of the plaintiff in the sum of $5,300.00.

The plaintiff testified that she suffered pain in her neck and back, that she had lost the use of her right arm and hand for a period of time, and that she had incessant headaches. She was treated immediately after the accident at Womack Army Hospital at Fort Bragg. Beginning on 16 September 1969 plaintiff was treated by Dr. John W. Baluss, Jr., which treatment continued periodically until October 1970, and at irregular intervals thereafter.

Dr. Baluss testified that based on his examination he diagnosed that plaintiff had suffered a severe cervical spine strain with right fifth cervical nerve root compression, which caused some mild nerve changes in the right hand.

*Pope, Reid & Lewis by Marland C. Reid and Michael R. Spears for plaintiff appellee.*

*Quillin, Russ & Worth by Walker Y. Worth, Jr. for defendant appellants.*

CAMPBELL, Judge.

Defendant assigned as error a great portion of the testimony of plaintiff's expert medical witness, Dr. Baluss. Dr. Baluss testified that in his opinion plaintiff was suffering pain when he first examined her on September 16, 1969. We find no error in this testimony.

Subsequently, the following transpired:

"Q. Dr. Baluss, based on your examination and treatment of Mrs. Lang from the first time she saw you in September, 1969, through 1972, do you have an opinion satisfactory to yourself as to a medical certainty whether or not the condition for which you were treating her is per-

manent and whether or not those conditions were, in fact, caused by an automobile accident on August 25, 1969?

Objection by Attorney McLeod.

COURT: Overruled.

A. Yes, sir.

Motion to strike by Attorney McLeod.

COURT: Denied.

Q. What is your opinion?

Objection by Attorney McLeod.

COURT: Overruled.

A. I thought or my belief is that she had a measure of lasting disability as a result of the accident described in August of 1969.

Motion to strike by Attorney McLeod.

COURT: Motion denied."

We are of the opinion that this evidence was incompetent and that it was error to overrule the objection thereto.

Dr. Baluss had no personal knowledge that plaintiff was involved in an automobile accident on August 25, 1969, or if she was, that she sustained any injuries in the accident. Yet he stated to the jury as a fact that in the accident, in suit, plaintiff had sustained a measure of lasting disability. This constituted error for the same reason set out so clearly by Justice Sharp in *Todd v. Watts,* 269 N.C. 417, 152 S.E. 2d 448 (1967). No useful purpose would be accomplished by repeating the words of Justice Sharp.

New trial.

Judges BRITT and GRAHAM concur.